Filed 7/1/21  P. v. Bishop CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075148 |
| v. | (Super.Ct.No. RIF74986) |
| CARL DWAYNE BISHOP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Ronald L. Taylor, Judge. Affirmed.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Alan L. Amann and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

Carl Bishop appeals from the denial of his Penal Code section 1170.95 petition to vacate his murder conviction. In 2000, he was convicted of first degree murder with a felony-murder special circumstance, which required the jury to find he was "a major participant" in a felony murder who acted with "reckless indifference to human life." (Pen. Code, § 190.2, subds. (a)(17) & (d), unlabeled statutory citations refer to this code.) The trial court summarily denied his section 1170.95 petition, concluding the special circumstance finding rendered him ineligible for relief as a matter of law.

On appeal, Bishop argues that because his conviction predates our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of "major participant" and "reckless indifference to human life," he has established a prima facie case for relief under section 1170.95. He argues the statute entitles him to challenge the validity of his felony-murder special circumstance finding at an evidentiary hearing where he can present new evidence and the prosecution bears the burden of proof.

This issue—whether a pre-*Banks*/*Clark* felony-murder special circumstance finding renders a section 1170.95 petitioner ineligible for relief as a matter of law—has divided the Courts of Appeal and is currently before our Supreme Court on review.[1] In *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021, S265854 (*Jones*), we concluded that such a finding renders a petitioner ineligible for relief as a

[1] See *People v. Strong* (Cal.Ct.App., Dec. 18, 2020, No. C091162) 2020 WL 7417057, review granted March 10, 2021, S266606.

matter of law and that habeas, not section 1170.95, is the proper avenue for attacking the finding's validity under *Banks* and *Clark*. In so concluding, we agreed with the reasoning in *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), and *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*), and we disagreed with the line of cases going the other way.[2] We continue to agree with our holding in *Jones*. We therefore conclude Bishop's special circumstance finding renders him ineligible for relief and affirm.

# I

## FACTS

The underlying facts of Bishop's murder conviction are not relevant to our analysis, so we recount them only briefly, taking from our unpublished opinion in his direct appeal, *People v. Bishop et al.* (June 27, 2001, E027001) (*Bishop*). (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, 1138, review granted Mar. 18, 2020, S260598

---

**2** The cases holding that a pre-*Banks*/*Clark* felony-murder special circumstance finding does not render a petitioner ineligible for resentencing under section 1170.95 include *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020 S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954.

[court may review record of conviction in assessing sufficiency of a § 1170.95 petition].)[3]

In 1996, Bishop and three other men committed a home invasion robbery during which one or more members of the group shot one of the victim's three times and killed the other victim by shooting her in the head. Before trial, Bishop admitted to a polygraph examiner that he had driven the group to the victims' home, had supplied the guns they used, and had known that robbery was a possibility. He also admitted he expected to receive some of the contraband from the robbery in exchange for driving. (*Bishop*, at pp. 4, 8-9.)

The jury convicted Bishop of attempted murder (§§ 664/187), first degree murder (§ 187) with a felony-murder special circumstance (§ 190.2, subds. (a)(17)(A) & (d)), and found true the allegation that a principal was armed during both crimes (§ 12022, subd. (a)(1)). (*Bishop*, *supra*, at p. 2.) The trial court sentenced him to life without the possibility of parole for the murder, plus a consecutive life term for the attempted murder, plus a consecutive one-year term for the gun enhancement. Bishop appealed his conviction but raised no claims regarding the sufficiency of the evidence presented against him. We affirmed his conviction in 2001. (*Bishop*, at p. 1.)

After *Banks* and *Clark* were decided in 2015 and 2016, respectively, Bishop did not file a petition for writ of habeas corpus challenging the sufficiency of the evidence to

---

[3] Our Supreme Court has granted review of *People v. Lewis*, *supra*, 43 Cal.App.5th 1128 and will resolve, among other issues, whether a superior court may review the record of conviction when determining whether a section 1170.95 petitioner has made a prima facie showing of eligibility for relief.

4

support his felony-murder special circumstance finding. In December 2019, he filed a section 1170.95 petition to vacate his murder conviction, which, as we've noted, the trial court summarily denied. The court concluded he was ineligible for relief as a matter of law based on the jury's verdict and the instructions given at his trial. Specifically, the court concluded that by finding the special circumstance true, the jury had necessarily found he was a major participant in the robbery who acted with reckless indifference to human life.

## II

## ANALYSIS

Bishop argues the court's conclusion about the effect of his special circumstance finding is incorrect because the finding predates *Banks* and *Clark*. We rejected the same argument from his codefendant in *Jones*. (*Jones*, *supra*, 56 Cal.App.5th at p. 485.)

A. *Changes to the Definition of Murder and Section 1170.95*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), and it went into effect January 1, 2019. (Stats. 2018, ch. 1015, pp. 6673-6676.) As relevant here, SB 1437 amended section 189 to provide that a person who was not the actual killer may not be convicted of first degree murder under a felony-murder theory unless they aided and abetted the murder "with the intent to kill" or acted as a "major participant in the underlying felony" and with "reckless indifference to human life, as

5

described in subdivision (d) of Section 190.2."[4] (§ 189, subd. (e).) Thus, SB 1437 imported the definition of "major participant" and "reckless indifference to human life" from section 190.2, subdivision (d), the special circumstance at issue here.

SB 1437 also enacted section 1170.95, which allows a person who has been convicted under a first degree felony-murder theory—but who could no longer be so convicted under SB 1437—to petition to have the conviction vacated. The statute requires a defendant to submit a petition affirming that they: (1) were charged with murder in a manner "that allowed the prosecution to proceed under a theory of felony murder" (§ 1170.95, subd. (a)(1)); (2) were "convicted of" or pleaded guilty to "first degree or second degree murder" (§ 1170.95, subd. (a)(2)); and (3) "could not be convicted of first or second degree murder because of changes to Sections 188 or 189 made" by SB 1437 (§ 1170.95, subd. (a)(3)).

If the petitioner "makes a prima facie showing that he or she is entitled to relief," the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subds. (c) & (d)(1).) At that hearing, the parties "may . . . offer new or additional evidence" and the People bear the burden of proving "beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

---

[4] SB 1437 also amended section 188 to provide that malice can no longer be imputed, thereby eliminating the natural and probable consequences theory of murder liability. But because this case does not involve that theory, we limit our discussion of SB 1437 and section 1170.95 to felony murder.

6

B.      *A Petitioner with a Felony-murder Special Circumstance Finding Is Ineligible for Resentencing Under Section 1170.95*

As we explained in *Jones*, a petitioner with a special circumstance finding under section 190.2, subdivision (d) is ineligible for resentencing under section 1170.95. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482-485.) Briefly, this is because, to be eligible for resentencing a petition must sufficiently allege they "could not be convicted of first or second degree murder *because of changes to Section 188 or 189 made [by SB 1437]*." (§ 1170.95, subd. (a)(3), italics added.) As discussed, the change SB 1437 made to section 189 was to require that a defendant must have been at least a major participant in the underlying felony who acted with reckless indifference to human life in order to be convicted under a felony-murder theory. (§ 189, subd. (e)(3).) This new requirement is the same as what the felony-murder special circumstance requires, both currently and in 2000, when Bishop's jury rendered their verdict. (See § 190.2, subds. (b)-(d); Prop. 196, as approved by voters, Gen. Elec. (Mar. 26, 1996) [amending § 190.2].)

Thus, Bishop's felony-murder special circumstance finding establishes as a matter of law that he *could still be convicted* of first degree felony murder today (that is, despite the change to section 189 made by SB 1437). And, as we held in *Jones*, a petitioner cannot avoid this conclusion by attacking the validity of their special circumstance finding in a resentencing petition. This is because section 1170.95 is not a mechanism for relitigating factual questions that were settled by a prior jury. (*Jones*, *supra*, 56 Cal.App.5th at p. 485; *Allison*, *supra*, 55 Cal.App.5th at p. 461.) The proper mechanism for challenging a pre-*Banks*/*Clark* finding is the same as it was before SB 1437 and

7

section 1170.95—to file a habeas petition and demonstrate the record contains insufficient evidence to support the finding under the guidance articulated in those decisions. (*Jones*, at pp. 482-483.)

Bishop argues we should reconsider our holding in *Jones* for two reasons. First, he claims the jury instructions at his trial were insufficient because they did not include "the necessary factors" articulated in *Banks* and *Clark*. But as we explained in *Jones*, those decisions did not change the law regarding the felony-murder special circumstance, and they did not result in the addition of mandatory language to the pattern jury instruction for the special circumstance. (*Jones*, *supra*, 56 Cal.App.5th at p. 484; see also *In re Scoggins* (2020) 9 Cal.5th 667, 671, 673 [explaining that *Banks* and *Clark* "clarified" the meaning of "major participant" and "reckless indifference to human life" for purposes of the felony-murder special circumstance].)

"The phrases 'major participant' and 'reckless indifference to human life' do not have specialized definitions, but are interpreted as they are used in common parlance" and "[j]ury instructions regarding the mental state required for a felony-murder special circumstance are not defective if they do not include the *Banks* and *Clark* factors." (*Allison*, *supra*, 55 Cal.App.5th at p. 458.) The pattern jury instruction for major participation and reckless indifference "remains the same as it was before *Banks* and *Clark*." (*Ibid*.) And, though CALCRIM No. 703 contains optional language describing the *Banks* and *Clark* factors, "[t]he bench notes state that *Banks* 'stopped short of holding that the court has a sua sponte duty to instruct on those factors,' and *Clark* 'did not hold

8

that the court has a sua sponte duty to instruct on those factors.'" (*Jones*, *supra*, 56 Cal.App.5th at p. 486 (conc. opn. of Menetrez, J.), quoting Judicial Council of Cal. Crim. Jury Instns. (2019 ed.) Bench Notes to CALCRIM No. 703.) Thus, contrary to his characterization of the impact of *Banks* and *Clark*, Bishop "had the same incentive" at his original trial to attempt to minimize his involvement in the robbery and culpability for the killings as he would have had if his trial "had taken place after *Banks* and *Clark*." (*Allison*, at p. 459.)

Second, Bishop argues that requiring a petitioner to invalidate their felony-murder special circumstance in a habeas proceeding before petitioning for resentencing under section 1170.95 "creates an unnecessary two-step process" that is "inconsistent with the Legislative intent to expeditiously determine if an individual's murder conviction should be vacated." As evidence that efficiency is one of the main goals of the petitioning procedure, he cites the provisions of section 1170.95 that set out the time limits for briefing and holding an evidentiary hearing. (§ 1170.95, subds. (c) & (d)(1).) We do not disagree that section 1170.95 is intended to be an expeditious resentencing procedure in response to the recent change in the definition of murder. The problem with Bishop's argument is that the statute clearly defines the class of defendants who may take advantage of that procedure, and he is not among them. Viewed in light of the clear statutory language, our approach does not create an unnecessary two-step approach, it simply applies section 1170.95's express requirement that a petition for resentencing must be based on changes to section 189 made by SB 1437. (§ 1170.95, subd. (a)(3).)

And we see nothing unfair about our conclusion that section 1170.95 is not a mechanism for relitigating a factual issue previously decided by a jury—even if that factual issue is the validity of a pre-*Banks*/*Cark* special circumstance finding. As the *Galvan* court explained, it would be unfair to conclude otherwise, as we would effectively be giving petitioners with pre-*Banks*/*Clark* findings "an enormous advantage over . . . similarly situated defendants" with post-*Banks*/*Clark* findings, "based solely on the date of [their] conviction." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142.) "Defendants convicted after . . . *Banks* and *Clark* would be required to challenge the sufficiency of the evidence of the special circumstance finding on direct appeal, where the People would need only to show that substantial evidence supported that finding." (*Id.* at pp. 1142-1143.) Defendants convicted before *Banks* and *Clark*, on the other hand, could challenge the finding under section 1170.95, which would require the prosecution "to prove the special circumstance beyond a reasonable doubt." (*Galvan*, at p. 1143.) "[N]othing in the language of Senate Bill No. 1437 suggests that the Legislature intended unequal treatment of such similarly situated defendants." (*Ibid.*)

We note that in *People v. Secrease* (2021) 63 Cal.App.5th 231, our colleagues in Division Four of the First District recently "adopt[ed] something of a middle ground between the[] two lines of cases" by allowing a petitioner with a pre-*Banks*/*Clark* felony-murder special circumstance finding to challenge the *sufficiency of the evidence* supporting the finding with a section 1170.95 petition. (*Secrease*, at p. 247.) *Secrease* "agree[d] with a central premise of the reasoning in *Jones* and *Allison* . . . that section

10

1170.95, subdivision (c) cannot reasonably be read to permit a 'do-over' of factual issues that were necessarily resolved against a section 1170.95 petitioner by a jury," but disagreed that habeas is the only mechanism for challenging the finding. (*Id.* at pp. 254-255.) Thus, our colleagues concluded that where "no court has ever determined whether the felony-murder special-circumstance finding rendered against [a petitioner] meets the minimum standards of personal culpability enunciated in [*Banks* and *Clark*]," the petitioner is entitled to such review in a section 1170.95 resentencing proceeding. (*Secrease*, at p. 236.) This court took a similar approach in *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490, where we upheld the trial court's summary denial of the petition based on our conclusion that substantial evidence from the trial record supported the pre-*Banks*/*Clark* felony-murder special circumstance finding. (See *Law*, at p. 822, [noting that the court's inquiry, whether performed on appeal from the denial of a § 1170.95 petition or in a habeas proceeding, is a legal one that asks whether the evidence presented at trial is sufficient to support the finding under the guidance in *Banks* and *Clark*].)

But unlike the appellant in *Law*, Bishop has not briefed the issue of whether substantial evidence supports his special circumstance finding. In fact, he argues against the approach advocated in *Secrease* and taken in *Law*, asserting he is entitled to challenge the finding with *new evidence* at a resentencing hearing. For all the reasons discussed above and articulated in *Jones*, we disagree that section 1170.95 allows Bishop to relitigate his special circumstance finding and require the People to prove it beyond a

11

reasonable doubt a second time. However, rather than decide the issue without input from Bishop, we leave the sufficiency of the evidence supporting his special circumstance finding to a future habeas proceeding should Bishop decide to challenge the finding under *Banks* and *Clark*.

## III

## DISPOSITION

We affirm the denial of the petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.